```
UNITED STATES DISTRICT COURT          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
```

IAN FIELDS,

                      Petitioner

- versus -

            ORDER
            15-CV-2315 (JG) (LB)

HAROLD D. GRAHAM,

                      Respondent.

JOHN GLEESON, United States District Judge:

        Ian Fields brought this petition for habeas corpus relief from his conviction and sentence in the Supreme Court of New York, Kings County, for attempted murder and attempted robbery. I heard oral argument of the petition on March 1, 2016, with Fields appearing by videoconference, and I postponed ruling at that time because Fields informed me that he had a written submission in further support of his petition. That submission has since been supplied to me via fax from the prison. The petition is hereby denied.

        Fields's challenge to the sufficiency of the evidence against him at trial confronts an onerous rule of decision: even on direct review, such challenges must be denied if any rational person, viewing the evidence in the light most favorable to the prosecution, could have found the elements of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On habeas review, Fields's claim is even more difficult, as relief can be granted only if the state court's rejection of the claim can properly be characterized as an unreasonable application of the *Jackson* standard.

Here, there was evidence from which the jury could infer that Fields accompanied Kenneth Williams to an auto repair shop to commit a robbery. The evidence included Fields walking toward the victim after Williams demanded his gold chain, and then – after Williams was shot and killed by a detective who happened to be present at the scene – Fields grabbing Williams's gun and firing shots at the detective as he sought to flee. In light of these and other facts, the state court's rejection of the sufficiency challenge was not unreasonable.

I agree with the state court that Fields's trial counsel was not ineffective in failing to object to the jury charge on the ground that it failed to properly instruct the jury on the law of attempt and on the requisite intent. Read as a whole, the charge adequately set forth the elements of the crimes charged. Nor was it ineffective for trial counsel to consent to the provision of written excerpts of the charge to the jury. Additional ineffective assistance claims were raised later, in Fields's collateral attack in state court. These included Fields's claims that trial counsel erred by calling the detective a "hero" cop, by failing to capitalize on the fact that Williams was shot in the back of the neck (contrary to the detective's testimony), and by failing to object to the trial judge's bias. On October 21, 2015, these claims were denied on procedural grounds by the state court. There is neither cause for that procedural default nor prejudice to Fields flowing from it, and the refusal to consider it on habeas review would not result in a miscarriage of justice.

To the extent Fields challenges the trial judge's so-called *Sandoval* ruling, which permitted the prosecution to cross-examine Fields based on a prior weapon possession in the event he testified at trial, raises a federal claim, the claim was extinguished when Fields decided not to testify. *See Luce v. United States*, 469 U.S. 38, 42-43 (1984).

Fields's claim of prosecutorial misconduct is based on the prosecutor's alleged failure to apprise trial counsel on a timely basis of an Internal Affairs Bureau complaint against the detective who shot Williams. However, that claim was readily discernible from the trial record but not raised on direct review. This claim was also found to have been defaulted in the state court, and I agree that it may not be reviewed here.

I have examined all of Fields's claims and concluded that none of them warrants relief from his conviction (or sentence, which was within the range permitted under New York law). Accordingly, the petition is denied and no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 9, 2016
       Brooklyn, New York